IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DALLAS MCINTOSH, #B85114,            )<br>                                                           )<br>            **Plaintiff,**                      )<br>    vs.                                              )<br>                                                           )<br>SCOTT THOMPSON,                    )<br>JOHN DOE 1,                               )<br>JOHN DOE 2,                               )<br>JOHN DOE 3,                               )<br>JANE DOE, and                            )<br>DEANNA BROOKHART,             )<br>                                                           )<br>            **Defendants.**                 ) | Case No. 3:21-cv-00596-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Dallas McIntosh, an inmate of the Illinois Department of Corrections currently incarcerated at Lawrence Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff's sink stopped working and there was no running water in his cell on May 26, 2019. He notified John Doe 1, who confirmed the sink was not working and told Plaintiff he would submit a work order to maintenance. The next afternoon, Plaintiff told John Doe 1 that maintenance had not fixed his sink. John Doe 1 told him he would just have to deal with it until maintenance had time to fix it. John Doe 1 also stated that he had informed John Doe 3 and Jane Doe and they stated Plaintiff

would not be moved and would just have to wait on maintenance. Plaintiff was forced to remain in a cell with no running water until June 6, 2019. During that eleven-day period, Plaintiff had no water for personal hygiene, drinking, or to clean his cell. The sinks and water fountains in the dayroom were also not working during that time. Plaintiff had to ask other inmates for drinking water or wait until he was in the dining hall.

John Doe 3 and Jane Doe are responsible for making cleaning supplies available to the inmates in Plaintiff's cellhouse once a week. However, the supplies were not provided regularly and none were available to Plaintiff during the eleven days he was forced to live without running water, despite their knowledge of the conditions in Plaintiff's cell.

It is the job of the chief maintenance engineer, John Doe 2, to prioritize work orders submitted to the maintenance department to ensure issues like Plaintiff's broken sink are timely repaired. However, John Doe 2 did not ensure running water was restored to Plaintiff's cell for ten days after receiving the work order.

Without running water or cleaning supplies, Plaintiff's cell became filthy and unsanitary, depriving Plaintiff of basic hygiene and placing him at risk of disease. He became so thirsty on at least six of the nights that it caused him excruciating pain to swallow and his kidney area ached greatly as if he had been punched. Plaintiff suffered stress, depression, fear, anger, anxiety, and disorientation.

Plaintiff and other inmates are required to use the toilets in the dayroom/showering area during dayroom periods and often the sinks are not working and/or there is no soap available to wash their hands. There is also frequently no soap available in the gym bathroom. After using unsanitary gym equipment, Plaintiff and other inmates have no choice but to eat with unclean unhands. Cleaning supplies are provided for cells once a month instead of on a weekly basis. This

deliberate indifference by correctional and maintenance employees is caused by Defendant Thompson's deliberate indifference to the widespread custom of the employee's failure to maintain sanitary conditions.  Additionally, Defendant Thompson failed to institute or enforce a system or policy requiring the chief maintenance engineer to prioritize and complete outstanding work orders according to urgency, which resulted in Plaintiff being left in a cell with no running water for eleven days.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

> Count 1: Eighth Amendment claim against John Doe 1, John Doe 2, John Doe 3, and Jane Doe for unconstitutional conditions of confinement for leaving Plaintiff in a cell without running water and cleaning supplies from May 26, 2019 to June 6, 2019 and thereby subjecting Plaintiff to health risks and psychological harm.
>
> Count 2: *Monell* claim against Thompson for maintaining a custom and/or policy of condoning the failure to maintain sanitary conditions by prison staff and thereby subjecting Plaintiff to health risks and psychological harm.

Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Discussion

### Count 1

Prison conditions that deprive inmates of basic human needs—food, medical care, sanitation, or physical safety—may violate the Eighth Amendment.  *James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992).  Two elements are required to establish a constitutional violation. First, an objective element requires a showing that the conditions deny the inmate "the

minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second element requires establishing a defendant's culpable state of mind; that is, deliberate indifference to a substantial risk of serious harm to the inmate from those conditions. *Id.* at 842.

Plaintiff's allegations that he was housed in a cell for eleven days with no running water or cleaning supplies and suffered psychological harm is sufficient to state a colorable unconstitutional conditions of confinement claim.[1] Accordingly, Count 1 will proceed against John Doe 1, John Doe 2, John Doe 3, and Jane Doe.

### Count 2

"Suing a state employee in his official capacity is the same as suing the state which ... and the state is not a 'person' under § 1983." *Ambrose v. Godinez,* 510 F.App'x 470, 471 (7th Cir. 2013)(citing *Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012)). Additionally, the ruling in *Monell v. Dep't of Soc. Serv.,* 436 U.S. 658 (1978) "applies only to local government units that are not considered part of the state." *Phillips v. Baxter,* 768 F. App'x 555, 560 (7th Cir. 2019)(citing *Will,* 491 U.S. at 70). As such, Thompson cannot be liable under *Monell* for the unconstitutional actions of individual defendants performed pursuant to policies, practice, and customs of IDOC. *See Jones v. Wexford Health Sources, Inc.*, No. 19-CV-00386-NJR, 2019 WL 6080202, at *7 (S.D. Ill. Nov. 15, 2019).

### Official capacity claims

Plaintiff asserts claims against each defendant in his or her individual and official capacities. The Complaint is proceeding only on the Eighth Amendment claim in Count 1 against the Doe Defendants seeking monetary damages. A claim for monetary damages may only be

---

[1] Because Plaintiff does not allege any physical injury, he cannot obtain compensatory damages but nominal damages and punitive damages are not precluded. *See Calhoun v. DeTella*, 319 F.3d 936, 940-42 (7th Cir. 2003).

brought against a defendant in his or her individual capacity. *Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005); *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). This is because an official capacity claim against an individual is really a claim for money damages against the State, which is barred by the Eleventh Amendment and the doctrine of sovereign immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Power v. Summers*, 226 F.3d 815, 818 (7th Cir. 2000). Accordingly, the claims against the Doe Defendants in their official capacities are dismissed without prejudice.

### Identification of Doe Defendants

Deanna Brookhart, in her official capacity as the Warden of Lawrence Correctional center, will be added as a defendant for purposes of responding to discovery aimed at identifying the unknown defendants. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009); Fed. R. Civ. P. 21. Guidelines for discovery will be set by the undersigned judge. Once the names of the unknown defendants are discovered, Plaintiff shall file a motion to substitute the newly identified defendants in place of the generic designations in the case caption and throughout the Complaint.

### Disposition

The Eighth Amendment claim in Count 1 will proceed against Defendants John Doe 1, John Doe 2, John Doe 3, and Jane Doe in their individual capacities. The *Monell* claim in Count 2 and Defendant Scott Thompson are **DISMISSED** without prejudice. The Clerk of Court is **DIRECTED** to **TERMINATE** Scott Thompson as a defendant and to **ADD** Deanna Brookhart, in her official capacity as the Warden of Lawrence Correctional Center, as a defendant for purposes of responding to discovery aimed at identifying the unknown defendants.

The Clerk shall prepare for Deanna Brookhart (official capacity only) and, once identified,

John Doe 1, John Doe 2, John Doe 3, and Jane Doe: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.  Deanna Brookhart, who is a defendant only for purposes of identifying the Doe Defendants, does not need to file a responsive pleading.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of

Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  July 19, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.